UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**UNITED STATES OF AMERICA,**      )
                                   )
    v.             )  Criminal Action No. 02-475 (RWR)
                                   )
**RAMENDRA BASU,**                 )
                                   )
    **Defendant.**  )
_____)

## MEMORANDUM OPINION

Petitioner Ramendra Basu filed a motion under 28 U.S.C. § 2255 to vacate his conviction, or to correct his sentence, arguing that his counsel provided ineffective assistance while he cooperated with the government. Because Basu's counsel's representation did not fall below an objective level of reasonableness and Basu suffered no prejudice, his motion will be denied.

### BACKGROUND

The background of this case is discussed fully in United States v. Basu, 531 F. Supp. 2d 48 (D.D.C. 2008). Briefly, Basu was an employee in the Consultant Trust Funds Office of the World Bank from 1996 to 2000, with the exception of three months in late 1997. In mid-1997, Basu entered into an agreement with a World Bank Task Manager and a Swedish consultant to award business, funded by the World Bank's trust funds, to the Swedish Consultant with the understanding that once the funds were released to the Swedish Consultant, the Swedish Consultant would

pay kickbacks to the Task Manager.  Throughout 1998, Basu facilitated bribe payments by arranging meetings between the Task Manager and the Swedish Consultant in London, England.  Basu also knowingly agreed to facilitate payment to a Kenyan government official that would be used to corruptly influence the official to hire an American consultant, a business associate of Basu, to perform work on an urban transport project.  <u>Basu</u>, 531 F. Supp. at 51.

Basu pled guilty to a two-count information charging conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and corruptly using instrumentalities of interstate commerce in violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-3.  Under the terms of the plea agreement, Basu was required to cooperate with the government.  (Mot. to Vacate at 1-2.)  Shortly after Basu pled guilty, Basu's attorney, Sean Grimsley, left the Federal Public Defender's Office, and Assistant Federal Public Defender Greg Spencer entered an appearance on Basu's behalf.  (<u>Id.</u>)  Basu alleges that

> Mr. Spencer and I had little if any interaction with regard to my cooperation.  In September or October 2005 I got a call from the Swedish Court requesting me to go to Sweden.  I do recall speaking at one time with Mr. Spencer who told me that I was requested to give a deposition (testify) at the Swedish consultant's trial. Prior to my departure he told me that he was not going to accompany me.

(Mot. to Vacate, Ex. 1, Basu Affidavit ("Basu Aff.") ¶ 6.)  Basu hoped that Spencer would travel to Sweden to learn details that

could help his case and to "document and be witness to [his] cooperation." (Id.) The testimony Basu heard in Sweden made him question whether he had facilitated bribe payments as alleged in the information to which he pled guilty. (Id. ¶ 8.) When Basu returned to the United States, he learned that a sentencing hearing had been set, and he "went to see Mr. Spencer in his office and tried to explain to him as best [he] could what had occurred at the Swedish trial." (Id. ¶ 9.) During that conversation, Basu told Spencer that he wanted to withdraw his plea, and Spencer said he would withdraw as Basu's attorney. (Id.) Spencer did move successfully to withdraw and for new counsel to be appointed, citing Basu's dissatisfaction with the representation provided by Grimsley and the Federal Public Defender's Office. (Mot. to Withdraw at 2.) Basu reviewed with his new attorney the Swedish testimony and other pertinent details of the case, and his new attorney filed a motion to withdraw Basu's plea, arguing that Basu was innocent of the charges and that his plea was coerced. Basu, 531 F. Supp. 2d at 51. (See also Basu Aff. ¶ 10.) The motion to withdraw was denied on the grounds that Basu voluntarily entered the plea and that his claim of innocence lacked evidentiary support. Basu, 531 F. Supp. 2d at 51. Basu's actions caused the government to decline to file a motion for a downward departure (Govt.'s Sent'g

Mem. at 5), and Basu was sentenced to fifteen months incarceration.

Basu has filed a motion to vacate his conviction on the ground that he received ineffective assistance of counsel.[1] In the alternative, Basu seeks to have his sentence corrected to reflect a period of incarceration to which he believes he would have been sentenced had he not received ineffective assistance of counsel. (Mot. to Vacate at 9.)

## DISCUSSION

In a § 2255 motion, the petitioner can move to "vacate, set aside, or correct the sentence" if the sentence was "imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). The petitioner bears the burden of proving the violation by a preponderance of the evidence. United States v. Pollard, 602 F. Supp. 2d 165, 168 (D.D.C. 2009). An evidentiary hearing does not need to be held when "'the motion and the files and records of the case conclusively show the prisoner is entitled to no relief.'" United States v. Horne, No. 99-3080, 2000 WL 60246, at *2 (D.C. Cir. Jan. 4, 2000) (quoting 28 U.S.C. § 2255) (noting that it is within the court's

---

[1] The D.C. Circuit rejected Basu's claim on direct appeal that Grimsley provided ineffective assistance. (See Mot. to Vacate, Ex. 3, D.C. Circuit Mandate and Judgment.) Basu lays no blame at the feet of counsel who replaced Spencer. (See Mot. to Vacate at 22-23.) Thus, it is in effect only Spencer's representation that is under attack.

discretion whether to hold a hearing when it is the same court that presided over the petitioner's criminal proceedings); see also United States v. Taylor, 139 F.3d 924, 933 (D.C. Cir. 1998) (suggesting that a hearing is unnecessary if a motion to vacate on the ground of ineffective assistance of counsel fails "to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found" (internal quotation marks and citation omitted)).

In order to prove ineffective assistance of his counsel, Basu must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Concerning the first prong, the petitioner must show that counsel did not provide reasonable service under the "prevailing professional norms" given the circumstances. Id. at 688. Those norms can be measured by "an attorney's ethical duties, including those which require counsel to bring skill and knowledge to the case and to provide zealous representation." Best v. Drew, Criminal Action No. 01-262 (RWR), 2006 WL 2035652, at *3 (D.D.C. July 18, 2006). Counsel's performance is evaluated on the basis of how counsel would have viewed it at the time without the benefit of hindsight. Strickland, 466 U.S. at 689. As to the second prong,

a reasonable probability is a "probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also United States v. Bowie, 198 F.3d 905, 908-09 (D.C. Cir. 1999) (noting that a reasonable probability "can be less than 50.01%").

The Sixth Amendment right to effective assistance of counsel attaches at the initiation of judicial proceedings against the defendant, Maine v. Moulton, 474 U.S. 159, 170 (1985), and it applies to every "critical stage of the prosecution." Kirby v. Illinois, 406 U.S. 682, 690 (1972) (internal quotation marks and citation omitted). Plea bargaining is unquestionably a critical stage of the proceedings. See Padilla v. Kentucky, 130 S. Ct. 1473, 1480-81 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" (quoting McCann v. Richardson, 397 U.S. 759, 771 (1970))). However, neither the Supreme Court nor the D.C. Circuit appears to have decided whether the post-plea bargaining cooperation period also constitutes a critical stage. The Ninth Circuit has concluded that it does, on the ground that a motion to depart based on substantial assistance can have a significant impact upon a defendant's ultimate sentence. See United States v. Leonti, 326 F.3d 1111, 1117 (9th Cir. 2003); see also Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 n.4 (8th Cir. 2011) (citing Leonti and "assum[ing] without deciding that

the potential cooperation phase is a 'critical stage' of criminal proceedings to which the Sixth Amendment right to counsel applies"). Assuming that the right to effective assistance of counsel applies to the cooperation phase of criminal proceedings, the petitioner nonetheless has failed to demonstrate that he is entitled to the relief he seeks.

Basu argues, citing Leonti, that he was "completely denied his right to consult with counsel *over a three year period* of his cooperation." (Mot. to Vacate at 14 (emphasis in original).) During the cooperation process, an attorney assists a defendant by "facilitating communication between the defendant and the government, attending proffer sessions, ascertaining the government's expectations and whether the defendant is satisfying them, communicating the client's limitations to the government, and establishing a record of attempts to cooperate." Leonti, 326 F.3d at 1119. In Leonti, the defendant claimed "to have received little to no assistance from [his attorney] during the period he was attempting to render substantial assistance to the government." Id. at 1121. The defendant's attorney appeared not to have attempted to ascertain "what the government wanted from [the defendant], or how his cooperation might be carried out." Id. Moreover, the defendant alleged that the attorney failed to facilitate his cooperation with the government after federal agents communicated to the defendant concerns about his

cooperation.  Id.  The court summarized the defendant's allegations as suggesting that his attorney "never did *anything* to make it more likely that [the defendant] would in fact be able to provide substantial assistance."  Id. (emphasis in original).

Although Basu argues that he received none of the assistance the Leonti court posited a defendant should receive while cooperating, his sole factual assertion regarding Spencer's allegedly deficient performance is that Spencer did not accompany Basu when Basu testified in Sweden.  (Mot. to Vacate at 15-17.)  Basu does not assert that Spencer failed to facilitate communication with the government, or that Spencer failed to ascertain the government's expectations of Basu.  Rather, Basu admits that Spencer contacted him and told him that he was "requested to give a deposition (testify) at the Swedish consultant's trial."  (Basu Aff. ¶ 6.)  Nor does Basu allege that Spencer failed to communicate to the government any impediment to Basu's cooperation, or to keep a record of Basu's attempted cooperation.  Basu provides no authority for the proposition that Spencer's performance was deficient merely because he did not accompany Basu to Sweden.

Even if Basu could demonstrate that Spencer's performance was deficient, Basu cannot show that he suffered prejudice.  The suggestion that if Spencer had been present when Basu testified

in Sweden, Spencer could have counseled Basu differently regarding withdrawing his plea (Mot. to Vacate at 15-16) is entirely speculative, particularly in light of the fact that Basu and Spencer <u>did</u> meet and discuss after Basu returned from Sweden the testimony that he heard there (Basu Aff. ¶ 9).  Moreover, after Spencer withdrew, Basu received advice from his new attorney regarding withdrawing his plea and how that could result in a higher sentence.[2]  (<u>Id.</u> ¶¶ 10-11.)  Nonetheless, Basu still decided to move to withdraw his plea, and he provides no basis for concluding that this decision would have been different had Spencer accompanied him to Sweden.  Thus, Basu cannot demonstrate that there is any probability that the outcome of the proceedings would have been different.

CONCLUSION

Basu has not shown that his counsel's performance was deficient or that he suffered prejudice.  Therefore, his motion to vacate on the basis of ineffective assistance of counsel will be denied.  An appropriate Order accompanies this Memorandum Opinion.

---

[2] These discussions also would seem to cure any potential deficiency in Spencer's representation, as Basu consulted with two different attorneys regarding the testimony Basu heard in Sweden before Basu made any decision that had a material impact on the sentence he received.

SIGNED this 18th day of June, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge